No. 16-55732

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**LOREN MILLER., <u>Appellant</u>**

v.

**ANDREW D. GELLER; ANDREW D. & EILEEN B. GELLER, Trustees of the Geller Trust Dated September 2, 1987**
**<u>Appellees</u>**

On Appeal From the United States Bankruptcy Court for the Central District of California.
***In re Loren Miller and Sarah Miller***, (case 9:13-bk-10313-PC);
***Loren Miller v Andrew D. Geller, Andrew D. & Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987*** *(Adversary 9:15-ap-01068-PC)*
District Court Appeal Dismissed in
***Miller v Geller, et al. (In re Miller)***, 2:16-cv-00258-SJO (C.D. Cal.)

APPEAL to Ninth Circuit from District Court's Dismissal of Appeal from Bankruptcy Court's Order Dismissing Improperly Removed Case

**APPELLEES' ANSWERING BRIEF OF ANDREW D. GELLER, ANDREW D. & EILEEN B. GELLER, TRUSTEES OF THE GELLER TRUST DATED SEPTEMBER 2, 1987**

Howard I. Camhi (SBN 149194)
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Blvd. Ninth Floor
Beverly Hills, California 90212
Telephone: (310) 273-6333
Facsimile: (310) 859-2325
hcamhi@ecjlaw.com

Attorneys for Appellees Andrew D. Geller, Andrew D. & Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987

13954.10:2828780.3

# TABLE OF CONTENTS

**Page(s)**

JURISDICTIONAL STATEMENT ....................................................................... 1

I. ISSUES ON APPEAL AND STANDARD OF REVIEW .............................. 2

II. STATEMENT OF THE CASE .......................................................................... 2

III. SUMMARY OF ARGUMENT ...................................................................... 3

IV. STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................... 4

V. ARGUMENT .................................................................................................. 8

    1. Judge Otero Did Not Abuse His Discretion In Dismissing The Matter Due to Appellant's Utter Disregard Of The Rules and Judge Otero's Orders ........................................................................ 8

VI. CONCLUSION ............................................................................................ 11

STATEMENT OF RELATED CASES ................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California*,
 547 F.3d 962, n.3 (9th Cir. 2008) ...................................................................10

*Grant v. City of Long Beach*,
 315 F.3d 1081 (9th Cir. 2002) ..........................................................................8

*In re Eisen*,
 31 F.3d 1447 (9th Cir. 1994) ..........................................................................10

*Kode v. Carlson*,
 596 F.3d 608, 612 (9th Cir. 2010) ....................................................................8

*Lawrence v Educational Credit Management, Corp.*,
 552 Fed. Appx. 836 (11th Cir. 2013) ..............................................................11

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*,
 637 F.3d 939 (9th Cir. 2011) ............................................................................8

*Williams v Gerber Products Co.*,
 552 F.3d 934 (9th Cir. 2008) .......................................................................2, 8

## **STATUTES**

11 U.S.C. § 727 ........................................................................................................4

28 U.S.C. § 158(d)(1)...............................................................................................1

## **JURISDICTIONAL STATEMENT**

The Ninth Circuit Court of Appeals has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(d)(1).

I. **ISSUES ON APPEAL AND STANDARD OF REVIEW**

Appellees Andrew D. Geller, Andrew D. & Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987 (collectively referred to as "Appellees") contend the issues presented by this appeal and the standards of review that apply are as follows:

A. Whether the District Court properly dismissed Appellant's appeal of the Bankruptcy Court's refusal to reconsider dismissal of an improperly removed Texas state court litigation for lack of prosecution and failure to file briefing rules. This issue is reviewed under the abuse of discretion standard. *Williams v Gerber Products Co.*, 552 F.3d 934, 937 (9th Cir. 2008).

II. **STATEMENT OF THE CASE**

This appeal is the latest of numerous appeals filed by a disgruntled bankruptcy debtor. Appellant's appeals in connection with his bankruptcy filing have consistently been dismissed for lack of prosecution. It is readily apparent that there is no merit to these appeals and Appellant files them solely for purposes of delay. Specifically as it relates to this appeal, Appellant attempted to improperly remove a Texas state court lawsuit directly to the California Bankruptcy Court in which his Chapter 7 was proceeding. Based on the fact that the attempted removal was invalid, the United States Bankruptcy Court, Judge Peter Carroll presiding, dismissed the case. Appellant twice moved the Bankruptcy Court to reconsider its

dismissal and each request was denied. Appellant appealed the denial of the reconsideration to the District Court, Judge S. James Otero presiding. Appellant's notice(s) of appeal and other filings were deficient and Judge Otero provided Appellant numerous Notices of deficiency and extensions of time to cure. Each time, Judge Otero advised Appellant that failure to cure deficiencies would result in dismissal of the appeal. Ultimately, Appellant failed to adequately cure deficiencies and Judge Otero dismissed the appeal for failure to prosecute.

## III. SUMMARY OF ARGUMENT

Appellant has not appealed the dismissal of the improperly removed Texas litigation and there would be no basis upon which to do so. Rather, at most, Appellant appealed Judge Carroll's decision not to reconsider that dismissal. As is his custom, Appellant did nothing more than file a notice of appeal and then ignore the rules and requirements set by Judge Otero in this matter, and numerous judges in other appeals he has filed. Notwithstanding Judge Otero providing Appellant numerous opportunities to follow the rules, Appellant failed to do so and failed to adequately prosecute his appeal. Judge Otero, as any judge, has discretion to control his docket and to dismiss matters when it is apparent the matter is not being prosecuted appropriately. This is what happened. Appellant is an experienced litigant and notwithstanding the fact he is without counsel, Judge Otero did not abuse his discretion when he elected to dismiss the appeal for Appellant's

numerous and continuing failures to follow the rules. The dismissal of appeal should be affirmed.

IV. **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Appellant and his then spouse, Sarah (collectively with Appellant, the "Millers"), filed a joint voluntary petition commencing their chapter 7 Bankruptcy proceeding. During the pendency of their bankruptcy, the Millers ignored various orders of the Court and failed to turn over in excess of $100,000.00 in cash that was property of the estate despite being ordered to do so. The Millers' Chapter 7 Trustee and Appellees herein filed several adversary proceedings objecting to the Miller's discharge pursuant to 11 U.S.C. § 727. The Chapter 7 Trustee successfully moved the Bankruptcy Court for summary judgment against Appellant and his discharge was denied.[1]

Based on denial of Appellant's discharge and his reported move to Texas, Appellees caused to be domesticated in Texas state court several judgments they had received against Appellant. The matter in which the judgments were domesticated was designated as Texas District Court, 11th Judicial District, Cause No. 2015-48472 (the "Texas Litigation").

During the pendency of the Texas Litigation, and notwithstanding the fact Appellant reported he moved to Texas, Appellant filed with the California Bankruptcy Court a document entitled "Defendant's Notice of Removal – FRBP

---

[1] Debtor Sarah Miller agreed to waive her discharge and, accordingly, neither of the Millers received a discharge in their Chapter 7 proceeding.

9027" to which was attached a copy of Appellees' Notice of Filing of Foreign Judgment in Texas. The California Bankruptcy Court assigned adversary proceeding number 9:15-ap-01068-PC (the "Removed Litigation") to the filing. It became apparent that Appellant attempted to remove the Texas Litigation directly to the California Bankruptcy Court by filing his Notice of Removal.

At a status conference in the Removed Litigation, Bankruptcy Judge Carroll considered argument that the Removed Litigation was not properly before the California Bankruptcy Court because the Notice of Removal was a nullity, did not comply with the requirements of 28 U.S.C. § 1452(a)[2] and did not effect a removal of the Texas Litigation. Judge Carroll found the Notice of Removal was a nullity, the Removed Litigation was not properly before the Court and, accordingly, dismissed the Removed Litigation. After several unsuccessful motions by Appellant to reconsider dismissal of the Removed Litigation, Appellant appealed the dismissal and elected to have his appeal heard by the United States District Court, not the Bankruptcy Appellate Panel. Appellant's appeal was assigned to District Judge Otero as case number 2:16-cv-00258-SJO. The operative Notice of Appeal filed by Appellant claims to appeal docket numbers 13 and 15 of the Bankruptcy Court. These documents relate to Judge Carroll's decision not to

---

[2] Section 1452(a) provides that a party may remove any claim or cause of action in a civil action to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title. Accordingly, there is no direct removal of Texas litigation to California Bankruptcy Courts.

reconsider dismissal of the Removed Litigation, not the actual dismissal itself. Accordingly, dismissal of the Removed Litigation is final and not subject to appeal.

At the commencement of the appeal, the District Court sent out a "Notice Regarding Appeal from Bankruptcy Court" (District Court Docket ("DCD") #1). The notice clearly stated that Appellant must file a designation of record, statement of issues on appeal and notice regarding the ordering of transcripts within fourteen (14) days. The notice also specifically described other requirements that were to have been satisfied by Appellant. Importantly, the notice stated in bold type, "**The failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal.**"

On the same day, the District Court issued a Notice of Deficiencies in Appeal (DCD #4) regarding Appellant's failure to pay the required filing fees as well as a Notice of Appeal Deficiency (DCD #5) confirming that numerous errors were made in the Notice of Appeal that needed to be corrected. After the time for Appellant to correct these mistakes had passed, Judge Otero issued an Order to Show Cause re Dismissal for Lack of Prosecution (DCD #10) which required Appellant to show cause in writing by no later than February 22, 2016, why the appeal should not be dismissed for lack of prosecution. Alternatively, according to the OSC, a sufficient response would have been receipt of a Certificate of

Readiness from the Bankruptcy Court indicating the appeal could proceed. Importantly, the OSC also specifically warned Appellant that "Appellant shall move this case forward or the matter will be dismissed". (DCD #10).

Notwithstanding numerous warnings from the District Court regarding dismissal, February 22, 2016 passed without any activity from Appellant moving the case forward. In fact, Judge Otero allowed Appellant an additional sixteen (16) days to comply with the OSC until finally, on March 9, 2016, Judge Otero issued an Order of Dismissal by Lack of Prosecution. (DCD #13). As is his custom following dismissals due to his own inactivity, Appellant moved the District Court for relief from dismissal. Appellant's request was denied by Judge Otero in a Minute Order dated April 20, 2016 (at which time several months later, Appellant still had not cured the deficiencies with his appeal) in which the Court (1) recognized its duty to give *pro se* litigants some leeway and (2) concluded that notwithstanding such leeway, the Court had provided ample opportunities to Appellant to litigate his case. Accordingly, the Court did not reconsider its dismissal. (DCD #15) Appellant filed a notice of appeal commencing the instant appeal. Appellant did not appeal Judge Otero's dismissal; instead, the operative notice demonstrates that Appellant is only appealing Judge Otero's decision not to reconsider dismissal of the matter and Appellant has waived his right to challenge the underlying dismissal. Notwithstanding the foregoing, both Judge Otero's

decision to dismiss the matter and to decline to reconsider dismissal should be affirmed on appeal.

## V. ARGUMENT

### 1. Judge Otero Did Not Abuse His Discretion In Dismissing The Matter Due to Appellant's Utter Disregard Of The Rules and Judge Otero's Orders

The standard of review applicable to Judge Otero's dismissal is "abuse of discretion". . *Williams v Gerber Products Co.*, 552 F.3d 934, 937 (9th Cir. 2008). Under the abuse of discretion standard, a reviewing court cannot reverse absent a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of relevant factors. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011). Reversal under abuse of discretion standard is possible only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances. The abuse of discretion standard requires an appellate court to uphold a district court determination that falls within a broad range of permissible conclusions. *Kode v. Carlson*, 596 F.3d 608, 612-13 (9th Cir. 2010) (per curiam); *Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002), amended by 334 F.3d 795 (9th Cir. 2003).

In the instant matter, Appellant was specifically advised that his failure to follow applicable rules would result in the dismissal of the appeal. (DCD #1) Notwithstanding Judge Otero's admonition, Appellant failed to file any of the required documents in a timely fashion (or at all) and, further, failed to pay the requisite filing fees. In this matter, contrary to certain other appeals filed by Appellant,, he sought no relief from the then-pending deadlines or filing fee requirements.

Several weeks later, Judge Otero issued an Order to Show Cause (DCD #10) requiring Appellant to either (1) show cause in writing why the case should not be dismissed for lack of prosecution or, alternatively, (2) file a Certificate of Readiness from the Bankruptcy Court thus indicating that Appellant was actively prosecuting his appeal by following rules and providing Judge Otero with items necessary for his review. Importantly, Judge Otero's OSC specifically advised "Appellant shall move this case forward or the matter will be dismissed." The OSC set a deadline of February 22, 2016 for Appellant to do file either of the two responses described above. Appellant did nothing.

Notwithstanding the February 22, 2016 deadline imposed by Judge Otero, no adverse action was taken against Appellant for nearly another three weeks during which, presumably, Appellant could have obeyed the OSC and cured the deficiencies. Still, as of March 8, 2016, nothing was filed by Appellant. Accordingly, Judge Otero had no choice but to exercise his discretion to follow

through with the previous orders of the Court – that is, to dismiss the appeal for lack of prosecution. An Order of Dismissal was entered March 9, 2016 (DCD #9)

Shortly thereafter, instead of curing deficiencies that remained, Appellant attempted to file some documents seeking to reconsider dismissal and reinstate the case. After a month of consideration, Judge Otero, while specifically recognizing leeway due *pro se* litigants, confirmed dismissal of the case.

Judge Otero is well within his discretion to have dismissed this matter. In the first instance, Judge Otero had not a single document or any substantive information upon which to proceed. After providing Appellant numerous chances, Appellant utterly failed to continue to prosecute his case. Courts have dismissed appeals for far more minor transgressions that those committed by Appellant. Moreover, no explicit discussion of alternatives is necessary for an order of dismissal to be upheld. *In re Eisen*, 31 F.3d 1447, 1454-55 (9th Cir. 1994)

Moreover, having failed to appeal dismissal and, instead, focusing his notice of appeal on Judge Otero's election not to reconsider dismissal, Appellant has waived his right to challenge the underlying dismissal. An issue is waived even where it is listed among grounds for appeal, but no argument was advanced in support of reversing district court's judgment with respect to that claim. *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. California*, 547 F.3d 962, 968 n.3 (9th Cir. 2008); *Accord, United States v Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (waiver where argument not coherently developed in appellate

brief). A debtor's failure to timely file an initial brief or otherwise prosecute his bankruptcy appeal is grounds for dismissal. *Lawrence v Educational Credit Management, Corp.*, 552 Fed. Appx. 836, 840 (11th Cir. 2013). Accordingly, Judge Otero's decision to dismiss the appeal is proper. There are no grounds supporting reconsideration of the dismissal of the appeal and thus this panel should affirm Judge Otero's decision.

## VI. CONCLUSION

For the foregoing reasons, this panel should affirm Judge Otero's dismissal of the appeal from Bankruptcy Judge Carroll's dismissal of the improperly removed Texas litigation to the California Bankruptcy Court.

DATED: January ____, 2017   ERVIN COHEN & JESSUP LLP

By: /s/ Howard I. Camhi
Howard I. Camhi
Attorneys for Appellees Andrew D. Geller, Andrew D. & Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987

# CERTIFICATION OF INTERESTED PARTIES REQUIRED BY Fed. R. App. P. 28-2, BY APPELLEES *ANDREW D. GELLER, ANDREW D. & EILEEN B. GELLER, TRUSTEES OF THE GELLER TRUST DATED SEPTEMBER 2, 1987*

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

1. Appellees: Andrew D. Geller, Andrew D. & Eileen B. Geller, Trustees of the Geller Trust Dated September 2, 1987

2. Appellant: Loren Miller

3. Interested Parties: Jeremy Faith, Chapter 7 Trustee; Sarah Miller, Co-Debtor

4. Other potential interested parties: Creditors and professionals of the underlying bankruptcy case.

## STATEMENT OF RELATED CASES

This appeal is related to United States District Court Case 2:16-cv-00258-SJO (C.D. Cal), Bankruptcy Case 9:13-bk-10313-PC (C.D. Cal) and Adversary Proceeding Number 9:15-ap-01068-PC (C.D. Cal.)

Appellant Loren Miller also has two additional appeals from matters which have been dismissed on appeal from the underlying substantive decisions in 16-55032 (9th Circuit) and 16-60011 (9th Circuit)

**Form 8.    Certificate of Compliance Pursuant to 9th Circuit Rules 28-1.1(f), 29-2(c)(2) and (3), 32-1, 32-2 or 32-4 for Case Number** 16-55732

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (*check appropriate option*):

☒ This brief complies with the length limits permitted by Ninth Circuit Rule 28-1.1. The brief is 2857 words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-1. The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-2(b). The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable, and is filed by (1) ☐ separately represented parties; (2) ☐ a party or parties filing a single brief in response to multiple briefs; or (3) ☐ a party or parties filing a single brief in response to a longer joint brief filed under Rule 32-2(b). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the longer length limit authorized by court order dated _____. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable.

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 32-2(a) and is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 29-2(c)(2) or (3) and is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4. The brief is _____ words or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

| Signature of Attorney or Unrepresented Litigant | /s/ Howard I. Camhi | Date | 1.19.17 |

("s/" plus typed name is acceptable for electronically-filed documents)

*(Rev.12/1/16)*

9th Circuit Case Number(s): 16-55732

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format): _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) January 19, 2017.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Loren Miller
11356 Merado Peak Dr.
Las Vegas, NV 89135

Signature (use "s/" format): /s/Howard I. Camhi